Commonwealth of Pennsylvania, Department of Public Welfare *v.* Florence Stoner, Appellant.

Argued January 5, 1976, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alan Linder*, with him *Jeffry Gilbert*, and, of counsel, *Virginia Criste* and *Kenneth Wise*, for appellant.

*Harold Dunbar*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 11, 1976:

Florence Stoner (Appellant) received welfare benefits until September 19, 1972, when such rights were terminated[1] by the York County Board of Assistance. The

---

1. Cash assistance, medical assistance, and food coupons received on behalf of herself and her four minor children were terminated.

instant appeal is before the Court pursuant to exceptions filed by Appellant to an adjudiction and order dated April 28, 1975, which denied the appeal of the 1972 determination to terminate benefits. The events transpiring in the interim two and one-half year period between the determination to terminate and the issuance of the adjudication and order can best be summarized as follows.

Following the adverse determination in September of 1972, Appellant requested, and was granted, a hearing to challenge her termination. The hearing was convened in December of that year before Hearing Examiner John H. Toal. Shortly thereafter, Examiner Toal terminated his position with the Department of Public Welfare (Department) as an examiner and in fact never issued an adjudication. Apparently, the Department's Office of Legal Counsel was not notified of this situation until March of 1975, at which time a search was undertaken to locate the transcript of the 1972 hearing.

The Department, acting through its chief counsel, contacted counsel for Appellant and suggested the alternatives of either a rehearing, since the issues in the case seemed rather clear, or that the parties agree that the matter be resolved by Chief Hearing Examiner Frank on the basis of the transcript of the December, 1972, hearing.

The transcript was thereafter sent to counsel for Appellant who acquiesced to the new examiner entering the adjudication and order. That order upheld the earlier termination and it is from this April 28, 1975, adjudication and order that timely appeal has been taken.

Appellant advances some seven arguments relating to the merits of this appeal dealing with alleged due process infringements and errors of law committed by the examiners. But we cannot now reach these issues as the record before us is simply incapable of meaningful review.

As previously stated, Appellant agreed to allow the new examiner to enter the adjudication notwithstanding

the fact that the new examiner was not present to reflect on the credibility of the various witnesses and notwithstanding the fact that key testimony had been lost on the reels on which the testimony had been transcribed.

Simply stated, Appellant argues that even absent the missing testimony, the testimony of record is supportive of her position and therefore we are in a postion to reverse the order of the examiner. We cannot agree.

In the absence of the bulk of testimony of both Appellant and her husband with respect to the pivotal issues raised by the merits of this appeal, and in light of the fact that the parties inform us that many portions of the transcript are impossible to read and understand, we must, in fairness to both party litigants, remand for the making of a new record.

It is unfortunate that the further delay necessitated by this remand must occur, in that Appellant has already faced delays far in excess of that which might reasonably be expected in receiving a final status determination, however, Appellant's own agreement to proceed on a record defective in so many crucial respects compels the remand of this matter for the making of a reviewable record and therefore we

### ORDER

AND NOW, this 11th day of February, 1976, this matter is hereby remanded to the Department of Public Welfare for the purpose of conducting a hearing on the merits of Florence Stoner's appeal from the termination of benefits by the York County Board of Assistance.

